## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,                           Case No.: 12-20607
                                                 HON. THOMAS L. LUDINGTON

v.

D-3, GARY L. WILSON,

    Defendant.
_____/

## GOOD FAITH RELIANCE DEFENSE MEMORANDUM

**NOW COMES** the Defendant, GARY WILSON, by and through his attorney, Stevens J. Jacobs, and submits this memorandum pursuant to the Court's Order.

Four (4) Defendants, Robert J. Pochmara, Maxine C. Pochmara, Gary L. Wilson and Sue A. Wilson, are charged with the offenses commonly called: Count 1, Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371; Count 2, (regarding Defendants Pochmaras', only) willful concealment of a material fact, in violation of 18 U.S.C. §1001(a) and 2; and Count 3, willfully, knowingly, and with intent to deceive the Social Security Administration as to the true identity of the persons earning wages and furnishing false information, in violation of 42 U.S.C. §408(a)(6).

Defendants Robert Pochmara and Maxine Pochmara recently pled guilty to all counts in this matter.

Defendant Gary Wilson intends to call a certified public accountant at trial in this matter and submit evidence regarding his reliance upon the accountant's advice in his defense.

## LAW AND ARGUMENTS

While the general rule that ignorance of the law is no defense to a criminal prosecution, the courts have established a good faith defense in response to the proliferation of statutes and regulations that embody modern American Law.

A Defendant is not entitled to a good faith instruction without establishing a "reasonable, factual predicate" for the instructions. United States v. Pappert, 104 F.3d 1559, (10th Cir.), vacated and superseded, 112 F.3d 1073 (10th Cir. 1997). The level of evidence necessary to warrant a good faith instruction is evidence such that "a reasonable jury could find... [favor of the Defendant]". Matthews v. United States, 485 U.S. 58 (1988). Furthermore, the validity of the good faith defense is an issue to be decided by the jury. United States v. Turner, 799 F.2d 627, (10th Cir. 1986).

A Defendant may be excused from wrong doing if he or she acted on the basis of advice from his or her attorney. Liss v. United States, 1915 F.2d 287 (7th Cir. 1990). The issue in this matter is whether a good faith reliance defense is applicable to the advice of a certified public accountant? Both the Seventh and Sixth Circuit affirm the position that this defense is applicable if certain conditions are met. In United States v. Whyte, 699 F.2d 375, (7th Cir. 1983), the Seventh Circuit held:

> It is a valid defense to a charge of filing a false return if a defendant provides full information regarding his taxable income and expenses to an accountant qualified to prepare federal tax returns, and that the defendant adopts and files the return as

2

>prepared without having reason to believe that it is incorrect. See United States v. Mitchell, 495 F.2d 285, 287-88 (4th Cir.1974); United States v. Baldwin, 307 F.2d 577 (7th Cir.1962).

The Sixth Circuit supports a good faith reliance defense if "the taxpayer makes full disclosure to that person of all pertinent facts." United States v. Cox, 348 F.2d 294 (6th Cir. 1965). In United States v. Duncan, 850 F.2d 1104, (6th Cir. 1988), one of the issues on appeal was the Court's refusal to give the following instructions:

>Good faith is a complete defense to the charges in the Indictment since good faith on the part of a defendant is inconsistent with the existence of willfulness, which is an essential element of the crime. The burden of proof is not on the defendant, of course, since he has no burden to prove anything. The government must establish beyond a reasonable doubt that the defendant acted willfully as charged in the indictment.

>However, a defendant will not be willfully doing wrong if he relied in good faith on an accountant whom he honestly believed competent, made a full and complete disclosure to his accountant of all material facts of which he had knowledge, and then acted strictly in accordance with the advice given to him by his accountant.

>Whether the defendant acted in good faith in relying on an accountant, whom he honestly considered competent, and whether he made a full and complete disclosure to his accountant, and whether he acted strictly in accordance with the advice rendered to him by his accountant, are all questions for you to determine. p. 1115.

In support of the good faith reliance instructions the Defendant, in Duncan, pointed to (1) the overall circumstances of the transactions in question and his relationship to the tax preparer; (2) specific testimony about the preparation of the returns in question; and (3) his own hearsay statement of reliance which were admitted at trial via the testimony of live witnesses.

3

At the charge conference the District Court rejected the proffered instruction on reliance stating that reliance was a factual determination that counsel could argue to the jury, but that the jury would have to decide based on the courts instruction on the meaning of "willfully". p. 1116.

The District Court's general instruction on willfulness was:

> Concerning the term "willfully," an act is done willfully if it is done voluntarily and intentionally in violation of a known legal duty. Conduct is not willful if it results from negligence, however great, inadvertence or mistake or due to a good faith misunderstanding of the law.
>
> However, an act is done willfully if done voluntarily and intentionally, and with the specific intent to violate the law, or with the specific intent to fail to do something which the law requires to be done.
>
> The Government will have established the willfulness element of this offense if it has been established beyond a reasonable doubt that Defendant Duncan knew the law prohibited the filing of a materially false or fraudulent tax return and that he intentionally filed such a return.
>
> As with other matters to be established in this case, Defendant Duncan's intent may be shown by either direct or circumstantial evidence. p. 1116.

In its written opinion denying Duncan's motion for a new trial, the Court correctly noted that an instruction should not be given "if it lacks evidentiary support or is based upon mere suspicion or speculation," citing United States v. James, 819 F.2d 674, 675 (6th Cir, 1987). The Court of Appeals found that the trial courts refusal to give a reliance instruction usurped the function of the jury by deriving Duncan of his opportunity to present his theory of defense. p. 1117.

Furthermore, that "a claimed defense of good faith reliance upon a tax preparer or tax counsel is a critical circumstance that may be dispositive of the central issue of willfulness. Id. Particularly on an issue of such importance, we believe that the standard will be satisfied if there

4

is "any foundation in the evidence" sufficient to bring the issue into the case, even if that evidence is "weak, insufficient, inconsistent, or of doubtful credibility." p. 1117.

In this case the defense asserts the proffered testimony of the certified public accountant will substantiate the utilization of a good faith reliance defense theory and instruction in this matter.

Dated: May 13, 2013                              Respectfully Submitted,


                                                  s/ STEVENS J. JACOBS
                                                 STEVENS J. JACOBS (P35020)
                                                 JACOBS LAW OFFICE
                                                 45 N. Tuscola Road
                                                 Bay City, Michigan 48708
                                                 (989) 892-8611
                                                 Email: jacobslawoffice@sbcglobal.net