UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Criminal No. 12-CR-20607

v.                                 Judge Thomas L. Ludington

D-3   GARY L. WILSON,
D-4   SUE A. WILSON,

       Defendants.
_____/

GOVERNMENT'S MEMORANDUM REGARDING THE WILSONS'
PURPORTED ACCOUNTANT ADVICE DEFENSE

Defendants Gary Wilson and Sue Wilson have been indicted, along with co-conspirators Robert Pochmara and Maxine Pochmara, on charges that they conspired to defraud the United States in violation of 18 U.S.C. §371 (count 1), and that they made or caused false statements to be made to the Social Security Administration regarding the true identity of a person earning wages in violation of 42 U.S.C. §408(a)(6) (count 3).[1] Both of the Wilsons have indicated to the court through their respective counsel that they intend to assert as a defense to the charges against them that they relied on the advice of their accountant, Jerome Kieliszewski, when they repeatedly and falsely represented to the United States that the wages earned by Robert Pochmara were the W-2 earnings of Maxine Pochmara.

As directed by the court on May 10, 2013, the government submits the following

---

[1] The Wilsons were not charged in count 2 of the indictment. Both of the Pochmaras have plead guilty to the three charges against them in the indictment.

1

memorandum regarding the defendants' purported advice of accountant defense.

Brief

I.   Legal Limitations on the Availability of an Advice of Accountant Defense

The concept that ignorance of the law or a mistake regarding the law is not a defense for engaging in criminal conduct extends back to the early days of the of our legal system.  *Cheek v. United States*, 498 U.S. 192, 199 (1991) (citing cases).  In more recent times an exception to the general rule has been made by Congress in light of the complexity of some tax laws and regulations with regard to a criminal tax cases, requiring the government to show in such cases that the defendant voluntarily violated a known legal duty regarding those tax laws.  *Id.*, at 199-201.

However, the limitation on the applicability of the concept that ignorance of the law is not a defense has not been extended to cases like the present one, where the issues at trial are simple concepts such as knowingly providing false information and intent to defraud.  *E.g., United States v. Rozin*, 664 F.3d 1052, 1066 (6th Cir. 2012) (obligation to abstain from filing false tax returns); *United States v. Zerbach,* 47 F.3d 1252, 1262 (3rd Cir. 1995) (proof by a defendant of lack of knowledge of illegality alone insufficient to negate a conviction for fraud.).  Indeed, "[w]here the statute requires no special training or effort to apply, good faith reliance on the advice of an accountant is not a defense." *Tollis v. Commissioner of Internal Revenue*, 46 F.3d 1132, 1995 WL 25426, *3 (6th Cir. 1995), citing *United States v. Boyle,* 469 U.S. 241 (1985).

The charges in this case are based on a very simple set of facts:  Over the course of more than a decade, the Wilsons made paychecks payable to Maxine Pochmara for work

done by Robert Pochmara at the Wilsons' auto parts store and reported to the federal government that Maxine Pochmara was the person who earned those wages.[2] The Wilsons caused their accountant to provide annual W-2s to Maxine Pochmara for work that the Wilsons knew had been performed by Robert Pochmara. Likewise, the Wilsons caused their accountant to report falsely to the Social Security Administration and the Internal Revenue Service that Maxine Pochmara was the person who earned wages at the auto parts store and was subject to FICA and other withholdings on those wages.

The Wilsons' legal obligation to accurately report to the Social Security Administration the true identity of the person earning wages at the business, and the corresponding obligation to abstain from providing false information to the United States regarding the regular wage payments and withholdings they made for Robert Pochmara's services at the business, are not ambiguous in any way. "Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute." *Boyle,* 469 U.S. at 252. Given the nature of the charged offense conduct in this case, a defense of reliance on the advice of their unindicted co-conspirator accountant, Jerome Kieliszewski, is not available to the Wilsons.[3]

---

[2]The evidence suggests that one or both of the Pochmaras acquired an ownership interest in the auto parts store in 1998 and sold that interest in March or April of 2009 when they became aware of the investigation by the Railroad Retirement Board - Office of Inspector General that culminated in the indictment. Robert Pochmara was a RRB disability annuitant at all relevant times. Maxine Pochmara was employed in a full-time job with a different employer.

[3]The government has already indicated to the court and defense counsel that Jerome Kieliszewski is considered to be an unindicted co-conspirator. The available evidence indicates that Kieliszewski was knowingly complicit in the crimes charged against the defendants. The

II.  Evidentiary Limitations on the Availability of an Advice of Accountant Defense

If the Wilsons could, as a matter of law, assert an advice of accountant defense in this case, the Wilsons nevertheless cannot cross the threshold for asserting such a defense based on the proffer of evidence made by their defense counsel.  Even in criminal tax cases where reliance on the advice of another may be a defense, the Sixth Circuit has observed that the "elements of a 'reliance defense' include: '(1) full disclosure of all pertinent facts, and (2) good faith reliance on the accountant's advice.'"  *Rozin*, 664 F.3d at 1060, *quoting United States v. Duncan*, 850 F.2d 1104, 1116 (6th Cir. 1988), *abrogated on other grounds, Schad v. Arizona*, 501 U.S. 624 (1991).[4]  In cases where the defendants do not provide full and accurate information to the person on whose advice they rely, or where the defendants have reason to suspect that the advice that they received was not correct, a reliance defense is not sustainable.  *Rozin*, 664 F.3d at 1060.[5]

It appears from the proffers made by counsel for the Wilsons, and also from the witness lists submitted by the defendants, that Jerome Kieliszewski is the only witness that the defendants intend to call during the trial.  Under such circumstances, the

---

Fifth Amendment implications of calling him as a defense witness are not addressed in this brief.

[4] The Sixth Circuit subsequently described *Duncan* as turning on "unique circumstances" and "unique facts."  *United States v. Lindo*, 18 F.3d 353, 356-57 (6th Cir. 1994).  *Duncan* repeatedly has been found to be more limited than defendants might wish to portray.  *E.g., Rozin*, 664 F.3d at 1060*; United States v. Demmler*, 655 F.3d 451, 456, n. 1 (6th Cir. 2011); *United States v. Libby,* 475 F. Supp 2d 73, 94, n. 23 (D.C. D.C. 2007).

[5] Though at least two federal circuit courts of appeal, the Seventh and Tenth Circuits, have pattern criminal jury instructions regarding advice of counsel defenses, no circuit, including our own Sixth Circuit, has a standard criminal jury instruction regarding advice of accountant as a defense.  Even in the context where such an instruction may be proper, the discussion in the main text reveals that full disclosure and compliance are required.

defendants should not be allowed to offer the testimony of Kieliszewski.  Kieliszewski alone is not able to provide evidence demonstrating the completeness and the accuracy of the disclosures made to him.

Simply offering the testimony of the person giving advice is insufficient to satisfy the requirement that the defendant demonstrate full and accurate disclosure, and that absent satisfaction of that obligation, the defendant may not pursue a reliance defense via argument or jury instructions.  *United States v. Lindo*, 18 F.3d 353, 355-57 (6th Cir. 1994) (advice of counsel defense).  *Accord, Rozin*, 664 F.3d at 1060-61.  The available evidence in this case, considering the documentary evidence with the proffer of Kieliszewski's testimony, indicates that the defendants cannot satisfy the requirement of providing some basis in competent evidence for a reasonable jury to find that the Wilsons fully disclosed the truth to their accountant.  The Wilsons should not be allowed to present Kieliszewski's testimony as to matters relating to their reliance on his advice absent reason to believe that the Wilsons can satisfy the disclosure requirement of a reliance defense.

Moreover, the defendants apparently hope to provide testimony regarding the state of the law, inadmissible hearsay testimony, and commentary on their own states of mind, through the contemplated testimony of Kieliszewski.  Only the trial judge can instruct the jury regarding the applicable law, however.  *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).  Likewise, the hearsay rule precludes a defendant from offering his or her out-of-court statements via a third-party witness.  *United States v. McDaniel*, 398 F.3d 540, 545-46 (6th Cir. 2005).  And while it is most often the case that knowledge and

5

intent must be proven circumstantially, *e.g., United States v. Schaffer*, 183 F.3d 833, 843 (D.C. Cir. 1999), it is also well-established that a fact witness cannot testify regarding a defendant's state of mind, *United States v. Libby,* 475 F. Supp 2d 73, 84-90 (D.C. D.C. 2007).  The defendants' undisputed right to remain silent during their trial does not afford them an opportunity to present evidence that would otherwise be inadmissible.  *Id*., at 90-96.

III.  Jury Instruction Regarding An Advice of Accountant Defense Not Warranted

Finally, it follows from the above that the court should not give a jury instruction regarding reliance on their accountant.  An instruction should only be given on a point of law when there is sufficient evidence in the record to enable a reasonable jury to make findings of fact by applying the court's legal instruction.  *United States v. Demmler*, 655 F.3d 451, 456-58 (6th Cir. 2011) (entrapment instruction properly not given where the evidence of entrapment was insufficient).  *Accord, United States v. Becker*, 134 F.3d 372, 1998 WL 13408 (6th Cir. 1998) (discussing the distinction between instructions based on the law, which are proper, and jury instructions that re-iterates the government's evidence that the defendant wants the jury to reject and the defendant's arguments for rejecting that evidence, which should not be part of the court's jury instructions.).  In addition, it has often been observed that an adequate jury instruction regarding the requisite intent to defraud obviates the need for an instruction regarding good faith on the part of the defendant.  *E.g., United States v. Gambler*, 662 F.2d 834, 837 (D.C.Cir. 1981) (adequate instructions regarding the government's burden to prove intent to defraud negated need

6

for "good faith" instruction); *United States v. Butler,* 822 F.2d 1191, 1197-98 (D.C.Cir. 1987) (same); *Zerbach,* 47 F.3d at 1261-62 (same).

## Conclusion

For the reasons discussed above, the government submits that the Wilsons should be precluded from offering an advice of accountant defense and that no instruction regarding that defense should be given to the jury during the Wilsons' upcoming trial.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney

Dated: May 13, 2013

s/Janet Parker
Janet Parker P34931
Assistant U.S. Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
janet.parker2@usdoj.gov

## Certificate of Service

I filed the above document on May 13, 2013 using the court's ECF system, which will automatically serve counsel of record.

s/Janet L. Parker
Janet L. Parker P34931