UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| United States of America, | No. 12-CR-20607 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | **Count 1**:18 U.S.C. §371, Conspiracy to defraud the United States' RRRB; |
| D-3 Gary L. Wilson, | **Count 3**: 42 U. S. C. §408(a)(6), Knowingly providing false information to the Social Security Administration |
| Defendant. | **Maximum Penalty Each Count:** 5 years in custody, $250,000 fine or twice the gain/loss, mandatory restitution |

**Rule 11 Plea Agreement**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Gary L. Wilson and the government agree as follows:

1. **Guilty Pleas**

    A. **Counts of Conviction**

    Gary Wilson and Sue Wilson will simultaneously enter pleas of guilty to counts 1 and 3 of the indictment. Count 1 charges the defendants with conspiring to defraud the United States and its Railroad Retirement Board, in violation of 18 U.S.C. §371, and count 3 charges them with knowingly providing false information to the Social Security Administration, in violation of 42 U. S. C. § 408(a)(6).

B.  **Elements of Offenses**

The elements of count 1 are that (1) two or more persons conspired, or agreed, to defraud the United States, or one of its agencies or departments, by dishonest means; (2) the defendant knowingly and voluntarily joined the conspiracy; and (3) a member of the conspiracy did at least one of the overt acts described in the indictment to promote the conspiracy.

The elements of count 3 are that (1) the defendant furnished false information or caused false information to be furnished to the Social Security Administration regarding the true identity of a person earning wages; and (2) the defendant did so knowingly, willfully, and with intent to deceive.

C.  **Factual Basis for Guilty Plea**

The following stipulated facts are a sufficient and accurate basis for defendant's guilty pleas and sentencing guideline scoring:

Between January of 1998 and March of 2009, Gary Wilson, Sue Wilson, and Maxine Pochmara owned GW & SW, Inc., doing business as the Roger's City NAPA store in Rogers City, Michigan. Gary Wilson was the president of the business. Gary Wilson and Robert Pochmara worked as co-managers and salesmen for the store. Sue Wilson worked as the bookkeeper. Maxine Pochmara was not involved in the operation of the store.

Throughout the time covered by the indictment, Gary and Sue Wilson paid Robert Pochmara for his work at the auto parts store with weekly paychecks made

payable to Maxine Pochmara. As president of the business, Gary Wilson could have stopped that practice if he had decided to do so. Throughout the time that he worked at the Wilsons' auto parts store, Robert Pochmara was receiving disability retirement benefits from the Railroad Retirement Board, an agency of the United States, and was obligated to report earnings he received from work, and any work for which he was not paid, to that federal agency. Robert Pochmara never reported his activities at the auto parts store to the Railroad Retirement Board.

Moreover, based on the payroll records that the Wilsons provided to the accountant who prepared the tax documents for the Wilsons and for GW & SW, Inc., W-2s and W-3s were prepared with Maxine Pochamara's name and social security number for the wages earned by Robert Pochmara. The Wilsons repeatedly filed the W-3s with the federal government, reporting Robert Pochmara's earnings as Maxine Pochmara's. The Wilsons also gave the false W-2s to Maxine Pochmara. Maxine Pochmara, in turn, gave those W-2s with her name and social security number to her tax return preparer when her personal tax returns were done each year, representing that those wages were her own. Thus, for more than 11 years, Gary and Sue Wilson caused the wages earned by Robert Pochmara, and the withholdings from those wages, to be falsely reported to the Internal Revenue Service and Social Security Administration under Maxine Pochmara's name and social security number.

By agreeing to this fraudulent pay arrangement, Gary Wilson and Sue Wilson enabled Robert Pochmara to conceal from the Railroad Retirement Board the $226,194.35 in earnings that Robert Pochmara was paid for working at the auto parts store while receiving disability benefits. That money could not have been collected by Robert Pochmara without the agreement by Gary and Sue Wilson to the fraudulent arrangement that withheld from the IRS, the Social Security Administration, and the Railroad Retirement Board the true identity of the person earning the wages paid to Maxine Pochmara. In addition, Gary Wilson and Sue Wilson caused the records maintained under Maxine Pochmara's social security number to reflect wages that were not earned by Maxine Pochmara, which would have influenced the amount of benefits that Maxine Pochmara would receive from Social Security when she retired if the fraud had not been uncovered.

In anticipation of a trial on the charges arising out of this conduct, Gary Wilson threatened to sue and otherwise cause "big trouble" for various lay witnesses subpoenaed to testify in the government's case. Later, both Gary Wilson and Sue Wilson attempted to obstruct justice by concealing some of their assets from the probation officer who was preparing their presentence reports for the court. Accurate financial information was material to the sentencing decisions that the court was required to make for both defendants in this case.

2.  **Sentencing Stipulations**

   A.  **Standard of Proof**

   The court will find sentencing factors by a preponderance of the evidence.

   B.  **Agreed Sentencing Guidelines**

   There are no sentencing guideline disputes.  The parties stipulate that the guideline calculations previously made by the court are correct: The defendant's base offense score is 18, plus 2 points for role in the offense, 2 points for obstruction of justice for witness intimidation, and 2 additional points for obstruction of justice for providing false information to the court regarding sentencing matters, for an offense total of 24, and his criminal history category is I. Based on the defendant's agreement to plead guilty pursuant to this agreement, and his spouse's agreement to also plead guilty, the government stipulates that the defendant should receive a 3-point reduction in offense level for his acceptance of responsibility, thereby reducing the defendant's offense score to 21 and his guideline range to 37 to 46 months.

   However, if the Court finds that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from the court, demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime, and if any such finding results in a sentencing guidelines range higher than 37 to 46 months, the higher

guideline range will become the agreed range of the parties and necessitate recalculations consistent with the formula discussed in paragraph 3A, below.

Neither party may take a position that would change the stipulations regarding the defendant's sentence found in this agreement except as may be necessary to the court's determination regarding the matters identified in the paragraph above.

3. **Sentence**

The court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

The court found that Gary Wilson's guideline range was 51 to 63 months at Gary Wilson's original sentencing, but departed or varied downward to impose a sentence of 36 months. That sentence was 29.4% below the low end of Gary Wilson's original guideline range and also 15 months below the low end of his guideline range. Assuming Gary Wilson gets full credit for acceptance of responsibility, a 30% reduction from the low end of his new guideline range of 37 to 46 months would yield a sentence of 26 months. Alternatively, subtracting 15 months from the low end of the new guideline range would yield a sentence of 22 months. The parties stipulate to a sentence reduction to 26 months and also set a sentence floor of 22 months. The parties contemplate that this agreements allows

the court to impose a sentence of time served for Gary Wilson, but does not obligate the court to do so.

The defendants reserve the right to ask for a sentence lower than that to which the government has agreed above, but if the court sentences either of the defendants below the sentencing floor set by application of paragraphs 2A and 3, the government may assert the rights discussed in paragraph 5 of this agreement.

B.  **Fine**

The parties agree that no fine will be assessed to this defendant.

C.  **Restitution**

The court shall order the defendant to pay joint and several restitution of **$226,194.35** to the Railroad Retirement Board, with credit for any restitution paid to date.

D.  **Supervised Release**

The parties stipulate that the court shall re-impose the defendant's original supervised release terms of **2 years,** to be served concurrently.

E.  **Special Assessment**

The parties stipulate that the court shall re-impose defendant's **$200** special assessment, with credit for any payments already made on that obligation.

F.  **Presentence Report**

In light of the history of the case and the stipulations in their Rule 11 plea agreements, the parties stipulate that new presentence reports are not needed for

either defendant and jointly request that Gary Wilson and Sue Wilson be sentenced on the day that they enter their guilty pleas.

4.   **Use of Withdrawn Guilty Plea**

If the court allows the defendant to withdraw his guilty plea pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, defendant waives his rights under Rule 410 of the Federal Rules of Evidence, and thereby will allow the government to use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis in this plea agreement, against the defendant in any proceeding.

5.   **Each Party's Right to Withdraw from This Agreement**

The government reserves the right to withdraw from the plea agreements with both Gary Wilson and Sue Wilson, and/or to appeal, if the sentence for either defendant is below the specified floor for that defendant established by application of paragraphs 2A and 3 of their respective plea agreements.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the court decides to impose a sentence higher than the maximum allowed by paragraphs 2A and 3. This is the only reason for which defendant may withdraw from this agreement. The court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the court may impose a sentence higher than the maximum allowed by paragraphs 2A and 3.

6. **Appeal Waiver**

The defendant waives any right he may have to appeal his convictions on any grounds. If the defendant's sentence of imprisonment is consistent with the terms of this agreement, the defendant also waives any right he may have to appeal his sentences on any grounds. If the defendant's sentence of imprisonment is consistent with the terms of this agreement, the government waives any right it may have to appeal the defendant's sentences.

Nothing in this waiver bars a claim of ineffective assistance of counsel by defendant on an appeal authorized by this agreement or under 28 U.S.C. § 2255.

7. **Consequences of Withdrawal of Guilty Pleas or Vacation of Convictions**

If Gary Wilson or Sue Wilson is allowed to withdraw any of their guilty pleas, or if any conviction entered pursuant to the global plea agreements with Gary and Sue Wilson is vacated for any reason, any charges relating directly or indirectly to the conduct underlying the guilty pleas may be filed against either or both defendants within six months after the date of the order vacating any of a defendant's convictions or allowing a defendant to withdraw one or both guilty pleas becomes final. The defendants waive their rights to challenge any such new or additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

8. **Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **Scope of Plea Agreement**

This plea agreement and the plea agreement with ~~Sue~~ GARY Wilson contain the complete agreement between the parties. Those agreements supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of their plea agreements that were made at any time before the guilty pleas are entered in court. Thus, no oral or written promises made by the government to the defendant or co-defendant, or to the attorney for the defendant or co-defendant, at any time before the defendants plead guilty are binding except to the extent they have been incorporated explicitly into their plea agreements.

Notwithstanding the previous paragraph, if either defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

The plea agreements for the defendants also does not prevent any civil or administrative actions against either or both defendant, or any forfeiture claim against any property, by the United States or any other party.

## 10. Firearms and Ammunition

Defendant understands that a felony conviction, or controlled substance use or addiction, make it illegal under most circumstances for a person to possess or receive a firearm or ammunition.

## 11. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on April 11, 2016**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Barbara L. McQuade
United States Attorney

_____        _____
Craig Wininger                                                Anca I. Pop
Assistant United States Attorney              Assistant United States Attorney
Chief, Branch Offices

Date: April 21, 2016

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____        _____
Douglas R. Mullkoff                                       Gary L. Wilson
Attorney for Defendant                                Defendant

Date: April ____, 2016